In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-270 CV


____________________



IN RE TRIMAC TRANSPORTATION, INC., DSI TRANSPORTS, INC.,


EDWARD FRANKLIN AND PPG INDUSTRIES, INC.






Original Proceeding






MEMORANDUM OPINION



 Thomas Posey sued the relators, Trimac Transportation, Inc., DSI Transports, Inc.,
Edward Franklin and PPG Industries, Inc., for alleged personal injuries sustained when
sodium hydroxide spilled from a tanker truck driven by Franklin and belonging to Trimac
and DSI. Posey alleged fumes from the spill entered his vehicle and caused him to develop
Reactive Airways Dysfunction Syndrome, or RADS. After the trial court twice denied their
motion for a physical examination of Posey, the relators sought mandamus relief in this
Court. The real party in interest argues that the relators failed to show good cause for the
examination. We conditionally grant relief.

 The relators filed a motion to have Posey examined by their expert, Dr. Jeff Britton. 
A physical examination is appropriate when the physical condition of a party is in
controversy. See Tex. R. Civ. P. 204.1(c)(1). In this case, the plaintiff provided an expert
report that states that Posey has "[c]hemical exposure due to inhalation of sodium hydroxide,
with some improvement in symptoms now using [Advair and albuterol]." In his responses
to interrogatories, Posey states

 My medical condition due to my lung problems has continued to decline,
which has affected my ability to work, I still must pay others to perform labor
for jobs that I did myself prior to the breathing incident on January 6, 2005. 
I estimate that I am unable to perform my job duties about 70-80% of the time
now.


 * * *


 I am continuing to incur expenses for my medical treatment.


 * * *


 No, I have not fully recovered. I still have loss of breath, coughing, tiredness,
loss of energy, constant dry skin and abrasions on my arms.


 Dr. Britton's affidavit states that he has been retained by the defendants in the suit to
give medical opinions pertaining to Posey and relating to Posey's claim that he suffers from
RADS as a result of contact with chemicals, that Dr. Britton had reviewed numerous medical
records and deposition testimony from Dr. Luigi Terminella and that it would benefit him to
conduct a physical examination and pulmonary function tests on Posey to know Posey's
current condition and to give medical opinions about Posey's current condition.

 Posey's pleadings clearly place his current medical condition at issue in this case. See
Tex. R. Civ. P. 204.1(c)(1). His claim includes a diagnosis of a medical condition the proof
of which requires specialized medical testimony. See generally Brookshire Brothers, Inc.
v. Smith, 176 S.W.3d 30, 34 n.2, 37-39 (Tex. App.--Houston [1st Dist.] 2004, pet. denied);
Moore v. Ashland Chemical, Inc., 151 F.3d 269, 278-79 (5th Cir. 1998), cert. denied, 526
U.S. 1064, 119 S.Ct. 1454, 143 L.Ed.2d 541 (1999). Because medical testimony is required
to prove the plaintiff's case, the defendants are entitled to develop medical evidence in their
defense. See generally In re Transwestern Pub. Co., L.L.C., 96 S.W.3d 501, 507-08 (Tex.
App.--Fort Worth 2002, orig. proceeding) (mental examination). The relators have notified
the trial court of the need to examine the plaintiff, have identified a qualified physician, and
suggested a date and place for the examination. See Tex. R. Civ. P. 204.1(d). The trial court
may place reasonable conditions on the manner and scope of the examination. See id. 
Furthermore, the discovery methods permitted by the rules may be limited by the trial court
under certain circumstances not present here. Tex. R. Civ. P. 192.4. However, a trial court
may not prevent the development of medical testimony that would allow the defendant to
fully investigate the conditions that the plaintiff has placed in issue. See Ginsberg v. Fifth
Court of Appeals, 686 S.W.2d 105, 107-08 (Tex. 1985) (psychotherapist-patient privilege). 
Under the circumstances present in this case, the trial court abused its discretion in refusing
the request for an examination outright.

 We are confident that the trial court will vacate its orders of May 2, 2008, and May
16, 2008, and issue an order directing Thomas Posey to submit to a physical examination. 
See Tex. R. Civ. P. 204.1(d). The writ of mandamus will issue only if the trial court fails to
so comply.

 PETITION CONDITIONALLY GRANTED.

 PER CURIAM



Opinion Delivered July 17, 2008

Before McKeithen, C.J., Gaultney and Horton, JJ.